T.C. Summary Opinion 2015-75

UNITED STATES TAX COURT

MATTHEW THOMAS PARMETER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30121-14S.                    Filed December 21, 2015.

<u>Matthew Thomas Parmeter</u>, pro se.

<u>Nancy M. Gilmore</u> and Woodrow Pengelly (specially recognized),

for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

———————————

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $7,062 income tax deficiency for petitioner's 2012 taxable year. The issue for our consideration is the amount of the moving expense deduction to which petitioner is entitled for 2012.

Background

Petitioner resided in Maryland at the time his petition was filed. During 2012 petitioner, an information technology engineer for the U.S. Department of the Army, accepted a new position, and his moving expenses were not reimbursed by his employer. Petitioner, in a effort to save money, decided to move his household belongings himself from his residence in Drum, Pennsylvania, to Aberdeen Proving Ground, Maryland. The distance from his old to his new residence was 182 miles.

Petitioner moved his household belongings in his pickup truck. He transported his personal belongings, vehicles, etc., by making 20 round trips with his truck. During each trip he placed the household belongings in a storage

---

[1](...continued)
Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

facility in the vicinity of his new job. The facility charged petitioner $178 per month, and he stored his belongings for nine months during 2012.

During four of the round trips to the vicinity of his new job, petitioner rented a trailer to move larger items, including vehicles. The trailer rental expense was $250 on each occasion. Before being able to use his new residence, petitioner rented a hotel room for $139 per night for two nights.

On his 2012 income tax return petitioner deducted $29,527 for unreimbursed moving expenses. He used tax preparation software to prepare his return and did not understand how the $29,527 was computed. Petitioner obtained three estimates of the cost to pack and move his household goods. The estimates were from $22,000 to approximately $30,000. Respondent, in a notice of deficiency, determined that petitioner was not entitled to deduct any part of the $29,527.

## Discussion

A taxpayer may deduct moving expenses paid or incurred in connection with the commencement of work at a new principal place of work. Sec. 217(a). In order for the expenses to be deductible, the taxpayer must meet the conditions set forth in section 217(c). Respondent agrees that petitioner met those conditions.

The remaining question for our consideration is the amount of the deduction for moving expenses to which petitioner is entitled. Moving expenses are deductible only if they are reasonable under the circumstances of the particular move. Sec. 1.217-2(b)(2)(i), Income Tax Regs.

Requirements for the deduction for moving household goods are, in pertinent part, specified in section 1.217-2(b)(3), Income Tax Regs., as follows:

> Expenses of moving household goods and personal effects include expenses of transporting such goods and effects from the taxpayer's former residence to his new residence, and expenses of packing, crating, and in-transit storage and insurance for such goods and effects. * * * Expenses of storing and insuring household goods and personal effects constitute in-transit expenses if incurred within any consecutive 30-day period after the day such goods and effects are moved from the taxpayer's former residence and prior to delivery at the taxpayer's new residence. * * *

Petitioner chose to move his personal property himself in order to save money. He did not offer evidence of the actual expenses of transporting his personal property. Under Rev. Proc. 2010-51, 2010-51 I.R.B. 883, he would be entitled to use the optional standard mileage rate, which was 23 cents per mile for the year in issue. See Notice 2012-1, 2012-2 I.R.B. 260.

Petitioner drove 20 round trips for a total of 7,280 miles ($182 \times 2 \times 20 = 7,280$). At 23 cents per mile the cost of moving his personal property is $1,674.40. Petitioner also incurred several months of storage fees for his personal

property; however, under section 1.217-2(b)(3), Income Tax Regs., he is entitled only to the cost for one month or $178, in accord with the 30-day limitation in that regulation. Petitioner also rented a trailer on four occasions to move large items, including motor vehicles, at a cost of $250 per rental or a total of $1,000.

Respondent did not question the reasonableness or number of trips that petitioner made to move his property. Instead, respondent argued that under section 1.217-2(b)(4), Income Tax Regs., petitioner is entitled to deduct only the cost of one trip to his new residence. That regulation, in pertinent part, provides as follows:

> Expenses of traveling from the former residence to the new place of residence include the cost of transportation * * * and lodging en route (including the date of arrival) from the taxpayer's former residence to his new place of residence. * * * The deduction for traveling expenses from the former residence to the new place of residence is allowable for only one trip made by the taxpayer and members of his household; however, it is not necessary that the taxpayer and all members of his household travel together or at the same time.

Respondent contends that the one-trip limitation of paragraph (b)(4) applies to the transportation of personal property under subparagraph (3). Respondent cited no cases for his interpretation that the one-trip limitation of paragraph (b)(4) applies to travel to transport personal property to a new residence. Petitioner, confronted with a $22,000 to $30,000 cost to have a moving company move his personal

property, transported the property to the new location in anticipation of moving to that residence. The property was stored near the new residence in anticipation of the final move to the new residence.

Respondent's interpretation would ignore the actual cost incurred by individuals who move their own personal property and would effectively limit the purpose of section 1.217-2(b)(3), Income Tax Regs., to instances where taxpayers paid to have their personal property commercially moved or moved by someone not a member of the family.

The final of the 20 trips to the new residence must be counted as petitioner's travel to his new residence, and accordingly he would not be entitled to deduct the cost of a round trip on that occasion. The effect of the one-trip rule would be to reduce petitioner's costs by $41.86 ($182 \times .23 = 41.86$) so that his total mileage expense deduction would be $1,632.54 ($1,674.40 − 41.86).

Finally, petitioner incurred $278 for lodging (two nights at $139 each) while waiting to gain access to his new residence. Expenses incurred following the date of arrival at and while waiting for access to the new residence are not included among those travel expenses delineated as allowable travel expense in these circumstances. Sec. 217(b)(1)(B); sec. 1.217-2(b)(4), Income Tax Regs.

In summary, we hold that petitioner is entitled to a $2,810.54 moving expense deduction under section 217, as follows:

| Item | Amount |
|------|--------|
| Transporting personal property | $1,632.54 |
| Rental of trailers | 1,000.00 |
| Storage of personal property | 178.00 |
| Total moving expense deduction | 2,810.54 |

To reflect the foregoing,

Decision will be entered

under Rule 155.